IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MONROE T. LAWS, | § | |
| | § | No. 666, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 30900552DI |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 11, 2016
Decided:  April 20, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## O R D E R

This 20th day of April 2016, having considered the appellant's opening brief, the appellee's motion to affirm, and in permissible part, the appellant's letter submitted under Supreme Court Rule 15(a)(vi),[1] it appears to the Court that:

(1)  More than twenty-five years ago, the appellant, Monroe T. Laws, was convicted of three counts of Unlawful Sexual Intercourse in the First Degree and

---

[1] *See* Del. Supr. Ct. R. 15(a)(vi) ("A party may, by letter to the Clerk, bring to the Court's attention pertinent cases decided after a party's final brief is filed or after the case is under submission for decision.") The appellant's letter asked the Court to consider cases from 2015 and 2016. By letter dated March 11, 2016, the Clerk advised the appellant that the Court would consider only the 2016 case under Rule 15(a)(vi).

was sentenced to life in prison. On direct appeal, Laws raised several claims, all of which were denied as without merit, and the judgment of convictions was affirmed.[2]

(2) This appeal is from the Superior Court's summary dismissal of Laws' fifth motion for postconviction relief under Superior Court Criminal Rule 61.[3] The State has filed a motion to affirm the Superior Court judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.

(3) Laws filed his first motion for postconviction relief in 1995. Then, as now, the Superior Court was required to apply the procedural requirements of Rule 61 before considering any substantive issues.[4] In Laws' case, the Superior Court denied the postconviction motion, ruling that all of the claims were procedurally barred as formerly adjudicated, except for a claim of ineffective assistance of counsel, which the court barred because the postconviction motion was untimely filed.[5] Laws did not appeal the Superior Court's decision.

(4) In 2000, Laws filed a second motion for postconviction relief, which was also denied as procedurally barred. Laws' appeal from that decision was

---

[2] *Laws v. State*, 1990 WL 72597 (Del. April 17, 1990).

[3] *State v. Laws*, 2015 WL 6941174 (Del. Super. Nov. 9, 2015).

[4] *Wright v. State*, 91 A.3d 972, 985 (Del. 2014) (citing *Younger v. State*, 580 A.2d 552, 554 (Del. 1990)).

[5] *State v. Laws*, 1995 WL 411710 (Del. Super. June 30, 1995) (denying first postconviction motion).

dismissed as untimely filed,[6] and in 2003, the Court affirmed the Superior Court's denial of Laws' petition for a writ of habeas corpus.[7] In 2008, this Court affirmed the denial of Laws' third postconviction motion as untimely filed, and in 2009, the Court affirmed the summary dismissal of Laws' fourth postconviction motion.[8]

(5) On July 25, 2015, Laws filed his fifth motion for postconviction relief. Rule 61, as amended effective June 2014, provides that a second or subsequent motion for postconviction relief is not permitted unless the motion satisfies the pleading requirements of Rule 61(d)(2).[9] By order dated November 9, 2015, the

---

[6] *State v. Laws*, 2001 WL 38788 (Del. Super. Jan. 5, 2001) (denying second postconviction motion), *appeal dismissed*, 2001 WL 463354 (April 27, 2001).

[7] *Laws v. State*, 2003 WL 21456294 (Del. June 19, 2003).

[8] *State v. Laws*, 2008 WL 1952158 (Del. Super. May 2, 2008), *aff'd*, 2008 WL 5412333 (Del. Dec. 29, 2008); *State v. Laws*, 2009 WL 3022118 (Del. Super. Sept. 14, 2009), *aff'd*, 2009 WL 4892531 (Del. Dec. 17, 2009).

[9] Effective June 2014, Del. Super. Ct. R. 61(d)(2) provides:

> A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either:
>
> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
>
> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

Superior Court summarily dismissed Law's fifth postconviction motion for failure to satisfy the pleading requirements of Rule 61(d)(2).[10] This appeal followed.

(6)    In his opening brief on appeal, Laws concedes that his fifth motion for postconviction relief did not satisfy the Rule 61(d)(2) pleading requirements, but he asserts that he could not satisfy those requirements because the Superior Court summarily dismissed the motion.  Other than that circular argument, which does not further his claims on appeal, Law's opening brief espouses the same claims that were denied as without merit on direct appeal and denied or dismissed as procedurally barred in the postconviction motions that followed.

(7)    We review the Superior Court's denial of postconviction relief for abuse of discretion and errors of law *de novo*.[11]  In this case, the Superior Court issued a thorough and well-reasoned order concluding that Laws' fifth motion for postconviction relief did not satisfy the pleading requirements of Rule 61(d)(2) and was subject to summary dismissal. We find no error of law or abuse of discretion in the application of the Rule 61(d)(2) procedural bar and summary dismissal of Laws' motion.

---

[10] *Supra* note 3.

[11] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

4

(8)   The recent court decision in *State v. Reyes* submitted by Laws as pertinent to this appeal does not change the Court's analysis.[12] The Superior Court's *Reyes* decision, which vacates a defendant's convictions and sentence following consideration of a first, timely-filed motion for postconviction relief, is inapposite in this appeal from the summary dismissal of an untimely-filed, fifth postconviction motion raising procedurally barred claims from a quarter century ago.

(9)   In conclusion, we find that Laws has abused the judicial process in his persistent filing of appeals from untimely and repetitive claims for postconviction relief.  This Court will not continue to invest scarce judicial resources to address Laws' frivolous claims.  In the future, if Laws files a notice of appeal or a petition for an extraordinary writ concerning his 1989 convictions, the Clerk is directed to refuse the filing unless it is accompanied by the required filing fee or a completed motion to proceed *in forma pauperis* with sworn affidavit containing the certifications under 10 *Del. C.* § 8803, and that motion is granted by the Court.[13]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.  Laws is

---

[12] *See State v. Reyes*, 2016 WL 358613 (Del. Super. Jan. 27, 2016) (granting postconviction motion).  The *Reyes* decision is currently on appeal.

[13] *See* 10 *Del. C.* § 8803(e) (enjoining litigant found to have abused the judicial process from filing future claims without leave of court).

ENJOINED under 10 *Del. C.* § 8803 and by this Order from filing a future notice of appeal or extraordinary writ concerning his 1989 criminal convictions.

BY THE COURT:

*/s/ Randy J. Holland*
Justice